## Ward v. Becker et al.

Jan. 16, 1945.

Clark & Manby for appellant.
James A. Hall for appellees.

356

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

On July 30, 1943, appellees, Alvin Becker and Loretta Becker, instituted suit against W. D. Heaton to recover the sum of $885.50 allegedly due the Beckers by reason of Heaton's having misappropriated funds placed in his hands as their agent. An order of attachment was issued and levied on an Oldsmobile automobile, the ownership of which is the pertinent question for decision on this appeal. Mrs. Marjorie E. Heaton, wife of W. D., intervened in the action and asserted that she was the sole owner of the automobile. On the second day of August, 1943, appellee, Interstate Loan Corporation, instituted suit against W. D. Heaton and Marjorie E. Heaton, seeking recovery on a promissory note in the sum of $300, with interest, which it is alleged was executed and delivered to the corporation by the Heatons. The corporation further alleged that, simultaneous with the execution and delivery of the note, the defendants executed and delivered to it a mortgage on the automobile which was attached by the Beckers. Mrs. Heaton denied that she executed either the note or the mortgage, and affirmatively pleaded that her signature to each of the instruments was forged. This fact was proven conclusively on the trial. Mr. Heaton did not defend in either case, and judgments were rendered against him by default. On the 19th day of August, 1943, appellant, J. W. Ward, instituted suit against Marjorie E. Heaton to recover on a promissory note executed and delivered to him by Mrs. Heaton. He alleged that, simultaneous with the execution and delivery of the note, Mrs. Heaton executed and delivered to him a mortgage on the automobile in question. The mortgage was duly recorded in the office of the clerk of Oldham County on the 11th day of August, 1942, the day following its execution. Mrs. Heaton confessed judgment to Ward, and admitted executing the mortgage. The Beckers and the Interstate Loan Corporation were made parties defendant in the suit instituted by Ward. They set up their liens against the automobile previously asserted in their individual suits; denied Mrs. Heaton owned the automobile, and pleaded affirmatively that it was owned by Mr. Heaton. The three actions were consolidated, and transferred to equity. Appellees introduced in evidence the deposition of Mrs. Heaton taken as if upon cross-examination. They likewise introduced the deposition of Robert M.

Eby, secretary and office manager of the Standard Auto Company of Louisville, who sold the car to the Heatons, and the deposition of A. K. Pringle Jr., field representative and accounting manager of the General Motors Acceptance Corporation, the purchaser of the conditional sales contract executed in pursuance of the purchase of the automobile. No other evidence was introduced. The Court adjudged the Interstate Loan Corporation to have a first lien on the automobile; sustained the attachment, and adjudged the Beckers to have a second lien; rendered judgment in favor of Ward against Mrs. Heaton, but denied him a lien on the car. Although the judgment does not specifically so state, the decision was based upon the Chancellor's finding that Mr. Heaton, and not Mrs. Heaton, was the true owner of the car. Mr. Ward alone has appealed from the judgment.

Previous to the purchase of the Oldsmobile, Mrs. Heaton was the owner of other automobiles; that is to say, all were purchased in her name. The last of these cars was "traded in" and applied as a credit on the purchase price of the Oldsmobile. The bill of sale was made to Mrs. Heaton; the license was issued in her name and paid for by her; the ration book was issued in her name, and she purchased the Federal stamp for the car. She testified that she was the sole owner of the automobile, and had paid for it with money of her own. She stated that her husband acted as her agent in the purchase of the car, and in transmitting the money applied upon the purchase price of the car. Mr. Heaton signed the conditional sales contract in his own name, and listed the automobile for state and county taxes. Mrs. Heaton testified that she exercised complete dominion over the property; and, although her husband used it almost continuously, he did so only with her consent. She further stated that, on many occasions, she refused to permit him to use it. There is no evidence that he made any payment on the automobile out of his own funds. The strongest inference in favor of appellees that can be drawn reasonably from the evidence is that Mr. Heaton purchased the car and gave it to his wife. Even if this occurred, she would be the true owner; and since the debts sued on were incurred after she became the owner of the car, it cannot be subjected to payment of Mr. Heaton's obligations. The testimony of the agents of the Standard Auto Company and the General Motors Acceptance Corporation does not conflict with the testi-

mony given by Mrs. Heaton. The conclusion of the Chancellor that Mr. Heaton was the owner of the automobile is not sustained by the evidence. Accordingly, he was in error in adjudging either the Beckers or the Interstate Loan Corporation to have a lien on the property.

The judgment is reversed, with directions that it be set aside, and that another be entered in conformity with this opinion.